OPINION
EAKIN, Justice:
We are asked to review an order setting child support for the parties’ three minor children. From the state of the record we are unable to determine the facts upon which the trial court based the amount of support it ordered. Accordingly, we vacate the child support portion of the decree and remand so the trial court may make detailed findings and set the amount of support according to those findings.
BACKGROUND
The Adamsons, Angelique and Kermit, were divorced by the trial court. They have three children, Brice now age 14, Tyson now age 13 and Nicholas now age 6. The trial court awarded Angelique residential custody and ordered Kermit to pay $800 per month per child in child support. Kermit appeals only that portion of the decree dealing with support.
The trial court permitted Kermit’s attorney to withdraw nine days before trial and denied the motion by the attorney to continue the trial. Kermit appeared pro se at trial.
The audio tape of the trial was inaudible and no transcript was available. The matter was submitted on a statement of the evidence as provided in Rule 3(3). CSK R.App. P.[1] Kermit set forth his Statement of the Evidence in the form of an affidavit. The only substantive part of his affidavit was his statement that he earned $18,000 per year and Angelique earned in excess of $30,000 per year. As provided in Rule 3(3), Angelique objected to his statement and proposed to strike his statement about his earnings and substitute a statement that Kermit held three part time jobs paying $8, $9 and $14 per hour and that he held a bachelor’s degree and two associate degrees. Angelique also wanted the Statement of the Evidence to indicate that Kermit had not paid support since they separated. At trial, Angelique provided the court with 3 tax returns and 4 pay stubs. Kermit provided only one pay stub and no tax returns. That pay stub showed he had earned $925.25 and had a take home pay of $719.66 for a two-week period in which he worked 80 hours. He would gross $24,030 per year if the amount were annualized. The three jobs appeared to be for the same company, Idaho Community Development. Kermit was paid at a different rate for different job duties. He also earns some commission.
The trial judge issued an order adopting Angelique’s Statement of the Evidence in its totality.[2]
*101 ISSUES
The father raises the following two issues on appeal:
1. Did the trial court appropriately assist the pro se father in bringing out the evidence necessary to determine child support?
2. Did the trial court err by establishing child support at $300 per month per child for three children?
STANDARD OF REVIEW
We review the trial court’s conduct in providing assistance, or not providing assistance, to a pro se litigant for an abuse of discretion. In re Estate of Burland,-ILR - (CS & KT Ct. App No. AP-00-174-P, 2002).
We review a support order for both substantial evidence and for an abuse of discretion. The findings on which the trial court bases the amount are reviewed on a clearly erroneous/substantial evidence test. The actual amount of support based on those findings is reviewed on an abuse of discretion standard. Dorff v. Dorff 23 ILR 6081, 6082 (CS & KT 1996). (E.g. If the trial court were to find Kermit has an annual income of $24,000 and sets support at $900 per month, we review the finding of $24,000 on a substantial evidence test and then determine whether the $900 figure is an abuse of discretion based on that $24,000.)
DISCUSSION
I. Assistance To Pro Se Litigants
We find no abuse of discretion in the trial court’s failure to assist Kermit in determining if Angelique had additional income. While Kermit is correct in his assertion that pro se litigants are given wider latitude in their presentation of the evidence and their pleadings are considered more liberally in their favor, Northwest Collection v. Pichette, 22 ILR 6047 at 6048-6049 (CS & KT 1995), this does not shift the trial court’s role from that of neutral arbiter to that of an advocate for the unrepresented party. In his statement of the evidence, which wras not adopted by the trial court, Kermit avers only that he had knowledge of Angelique’s additional income. He does not state that he inquired of the court as to how to elicit the information nor that he informed the court of the source of the additional income. Litigants appearing without counsel must still get facts before the court in some manner.
It also appears that it was not Angelique who was not forth coming about her income. She provided the trial court with copies of three tax returns and four wage stubs. There is no abuse of discretion in accepting these as an accurate disclosure of income. It W'as Kermit that did not document his income.
We also note that Angelique’s income has only small relevance to Kermit’s obligation to support his children. A noncustodial parent has an obligation to his/ her children regardless of the custodial parent’s income. That obligation should be based on his ineome or ability to earn, not the income of the custodial parent. Even if the trial court had reason to believe Angelique had significantly greater income, it would not be obligated to develop those facts.
11. The Amount of Support.
On appeal, Kermit initially argued that the Tribes had incorporated the Mon *102 tana Child Support Guidelines based on Dorff, supra. In Dorff the parties assumed that the Tribes had incorporated the Montana Child Support Guidelines and this court did nothing to dissuade them from that notion, Dorff, 28 ILR at 6182. Since Dorff, the laws governing divorce and child support were modified in the recodification of the code. The law now provides that divorces should be granted according to the guidelines of Montana Uniform Marriage and Divorce Act, section 8-1-103(1) CS & K Laws Codified, but specifically provides that child support should be set in a “just and proper” amount, section 3-1-103(3) CS & K Laws. At oral argument, Kermit conceded that the Montana Child Support Guidelines should not be applied.[3]
By adopting the “just and proper” standard, the Council has given the trial court greater flexibility in determining support than that offered by a rigid, and often complicated, mathematical formula. Greater discretion with the trial court is appropriate since child custody and support may vary more in the tribal cultural where extended families often play a greater role.
Concomitant with the greater discretion given the trial court is the obligation of the court to explain the exercise of that discretion. This court has continually noted the need for trial court to make findings. Arnett v. Dolson, Cause No. AP-94-172-CV (CSKT Ct.App.1998), 25 I.L.R. 6246. The findings made by the trial court in this action were not much more than generalizations. The court made no findings as to Kermit’s income. It made no findings as to his monthly expenses for necessities. To the extent that there was a question as to whether Kermit was intentionally underemployed, the court made no findings on the issue.
The trial court never explained how it reached the $300 per month per child figure or on what income of Kermit it based that amount. The court merely stated he had not paid and had the ability to pay. While there need not be a mathematical calculation [4] to reach this figure, there should be some showing that the trial judge considered Kermit’s income and his ability to pay.
We can understand the trial court’s frustration with Kermit when he had not supported his children since the parties separated and was. understating his income when discussing support. The trial court dealt with lack of support pending trial appropriately by ordering support to accrue from the time the action was filed.
CONCLUSION
For these reasons, we remand this matter to the trial court with instructions to make specific findings to Kermit’s income and ability to support his children. On remand, the court shall set support in a just and proper amount consistent with those findings.

. Rule 3(3) is substantially similar to Rule 10(c) Fed.R.App.P.

. We are disturbed by the verbatim adoption of one party’s Statement of the Evidence. This is similar to adopting one party’s findings of fact and conclusions of law. Such a practice is disfavored. Anderson v. City of Bessemer, 470 U.S. 564 at 572, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); United States v. El Paso Natural Gas, 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964); In re Marriage of Stufft, 276 Mont. 454, 916 P.2d 767 (1996). When *101 one party’s version is adopted, we do not know the trial judge's thoughts. In practice, the adoption of one party's Statement of the Evidence is more troubling than adopting a proposed decree. At least in the case of the adopted decree, the appellant may still argue the record. The Statement of the Evidence is the record.

. The guidelines could yield a significantly lower amount of support. In fact, the amount might be so low as not to meet the “just and proper” standard required by the section 3-1-103(3).

. Nothing prevents the trial court from using a mathematical formula so long as it leads to a “just and proper” amount.